**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION  MDL No. 3076

## TRANSFER ORDER

**Before the Panel:**[*] This litigation arises out of the collapse of the FTX cryptocurrency exchange in November 2022 and the subsequent bankruptcy of FTX Trading Ltd. and its U.S. affiliate FTX US (together, FTX). Plaintiffs are FTX customers and investors seeking to recover their losses. Defendants are individuals and entities that allegedly facilitated FTX's wrongful conduct. This litigation currently consists of eight actions pending in two districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of eleven related actions in the Northern District of California, Southern District of Florida, District of New Jersey, and Southern District of New York.[1] Plaintiffs in the consolidated *Garrison* and *Podalsky* actions move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Florida.

Responding plaintiffs' positions on centralization vary. Plaintiffs in three actions support centralization in the Southern District of Florida, and plaintiff in one action supports centralization in the Northern District of California. Plaintiffs in eleven actions oppose centralization or request exclusion of their actions from any MDL. In particular, plaintiffs in two potential tag-along actions (*Rabbitte* and *Gershovich*) which bring claims solely against investment firms Sequoia Capital Operations, LLC, Paradigm Operations LP, and Thoma Bravo, LP, request exclusion of their actions. Plaintiff in a potential tag-along action against Signature Bank (*Statistica Capital*) requests exclusion of that action. And plaintiffs in two potential tag-along actions request exclusion of the *Bhatia, Magleby,* and *Keane* actions against the Silvergate Bank defendants.[2] Most of the opposing plaintiffs propose the Northern District of California if the actions are centralized over their objections. Opposing plaintiff in one action (*O'Keefe*) proposes the Southern District of Florida.

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in the classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The Silvergate Bank defendants are Silvergate Bank, Silvergate Capital Corp., and Alan J. Lane.

-2-

Responding defendants' positions on centralization also vary considerably.[3] Sequoia, Paradigm, and Thoma Bravo support centralization and have no preference on the transferee district. Prager Metis and Armanino support centralization in the Southern District of Florida. The Celebrity Defendants oppose centralization.[4] The Silvergate Bank defendants oppose inclusion of any claims against them, and the FDIC opposes inclusion of the *Statistica Capital* action against Signature Bank.

In opposition to centralization, the various plaintiffs and defendants primarily argue that the actions lack sufficient common questions of fact and informal coordination provides a practicable alternative. We find these arguments unpersuasive. The actions undoubtedly involve several non-overlapping defendants and raise defendant-specific issues. But they all rest on the same core set of facts concerning the alleged fraud that led to FTX's collapse and, in particular, revolve around the conduct of FTX's Samuel Bankman-Fried, the relationship with another Bankman-Fried company known as Alameda Research, and Alameda's Caroline Ellison. Indeed, Bankman-Fried and Ellison are defendants in seven of the eight actions on the motion, and are central figures in all of the related actions before the Panel. Moreover, all actions on the motion allege that there was a conspiracy between Bankman-Fried and other alleged FTX insiders to make misrepresentations to consumers and investors to induce them to invest in FTX products and use the FTX exchange. This common factual core warrants centralization despite the involvement of a number of different defendants. *See, e.g., In re January 2021 Short Squeeze Trading Litig.*, MDL No. 2989, 2021 WL 1258399 (J.P.M.L. 2021) (centralizing actions "nam[ing] more than forty brokers, funds, and clearinghouses as defendants" where all actions involved common conduct concerning the Robinhood trading platform). Transfer under Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant where, as here, the actions still arise from a common factual core. *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390-91 & n.5 (J.P.M.L. 2014).

We further find that informal coordination is not an adequate alternative to centralization. Although the actions in the Northern District of California are in the process of being organized into three tracks, there are still seven distinct groups of non-overlapping plaintiffs' counsel pursuing claims in this litigation, including potential tag-along actions, on behalf of putative global and nationwide classes. Additionally, dozens of defendants are involved, with little overlap in their counsel. The large number of plaintiffs' and defense counsel will pose serious obstacles to informal coordination. Inefficiencies also will arise from having to coordinate these unusually complex actions involving novel cryptocurrency issues with the related criminal case in the Southern District of New York and the bankruptcy case in the District of Delaware. Moreover, informal coordination does not address the possibility of inconsistent rulings on *Daubert* and class certification issues.

---

[3] The responding defendants are Prager Metis CPAs, LLC; Armanino LLP; Sequoia Capital Operations, LLC; Paradigm Operations LP; Thoma Bravo, LP; the Silvergate Bank defendants; and seven "Celebrity Defendants" – the Golden State Warriors, Thomas Brady, Gisele Bündchen, Lawrence David, Kevin O'Leary, David Ortiz, and William Trevor Lawrence. Additionally, the Federal Deposit Insurance Corporation responded as receiver for Signature Bank.

[4] The Golden State Warriors alternatively request the Northern District of California.

Although the Signature Bank and Silvergate Bank defendants are named only in the potential tag-along actions – not in the actions on the motion – we received extensive briefing and oral argument on whether the MDL should include them. Both plaintiffs and defendants in those actions oppose their inclusion in an MDL because Signature Bank was closed in March 2023 and is in FDIC receivership, and Silvergate Bank is in voluntary liquidation. Additionally, at oral argument, movants conceded that centralization of these claims is not warranted given the closure-related issues unique to those entities.[5] Based on this record, we do not intend to include the claims against Signature Bank and the Silvergate Bank defendants.[6]

On the basis of the papers filed and the hearing session held, we find that the actions on Schedule A involve common questions of fact, and centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions present common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao "Gary" Wang, and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional services firms and celebrity promoters who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud. The common factual questions include: (1) whether FTX executives and their representatives misled customers about FTX's practices for safeguarding customer funds; (2) whether FTX executives and their representatives misrepresented the financial condition of the FTX entities; (3) whether FTX and Alameda executives embezzled customer assets; (4) the existence and scope of a conspiracy; and (5) the nature of FTX products, such as Yield-Bearing Accounts and FTT tokens. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel and the judiciary.

The Southern District of Florida is an appropriate transferee district for this litigation. A significant part of FTX's conduct allegedly emanated from this district, where it had its U.S. headquarters before filing for bankruptcy. This district also provides an easily accessible location for this nationwide litigation. Judge K. Michael Moore, who presides over the actions on the motion in this district, is an experienced transferee judge, and we are confident he will steer this matter on a prudent and expeditious course.

---

[5] For example, plaintiffs in *Statistica Capital v. Signature Bank* are subject to an exhaustion of administrative remedies requirement under the Financial Institutions Reform, Recovery and Enforcement Act because of the FDIC receivership, and that action thus has been stayed.

[6] We intend to transfer the actions against Sequoia, Paradigm, and Thoma Bravo through the conditional transfer order process, based on the common factual core discussed above. *See* Panel Rule 7.1(b). Those actions do not present the same efficiency concerns as the actions involving banks in closure-related proceedings.

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable K. Michael Moore for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION                                    MDL No. 3076

## SCHEDULE A

    Northern District of California

LAM v. BANKMAN-FRIED, C.A. No. 3:22−07336
PIERCE v. BANKMAN-FRIED, ET AL., C.A. No. 3:22−07444
HAWKINS v. BANKMAN-FRIED, ET AL., C.A. No. 3:22−07620
JESSUP v. BANKMAN-FRIED, ET AL., C.A. No. 3:22−07666
PAPADAKIS v. BANKMAN-FRIED, ET AL., C.A. No. 3:23−00024

    Southern District of Florida

GARRISON v. BANKMAN-FRIED, ET AL., C.A. No. 1:22−23753
PODALSKY, ET AL. v. BANKMAN-FRIED, ET AL., C.A. No. 1:22−23983
NORRIS, ET AL. v. BRADY, ET AL., C.A. No. 1:23−20439